﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 190418-17888
DATE: April 30, 2021

ORDER

Entitlement to a total disability rating based on individual unemployability (TDIU) is granted.

FINDING OF FACT

The evidence is at least in relative equipoise as to whether the Veteran’s service-connected disabilities render him unable to maintain substantially gainful employment.

CONCLUSION OF LAW

The criteria for entitlement to a TDIU have been satisfied. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.340, 3.341, 4.16.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Air Force from July 1974 to June 1980.

This matter is on appeal to the Board of Veterans’ Appeals (Board) from a March 2019 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO). 

Procedurally, the Veteran’s case was initially in the Legacy system and in an April 2017 Board remand, the issue of entitlement to a TDIU was remanded to the Agency of Original Jurisdiction (AOJ) for additional development. Thereafter, in June 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. In October 2018 correspondence, the AOJ notified the Veteran of the discovery of a duty to assist error and forwarded the claim for further development such as gathering additional evidence, which included Social Security Administration (SSA) medical records. As noted above, a March 2019 rating decision denied entitlement to a TDIU. The RO noted that because of the duty to assist errors and subsequent development, the Veteran’s claim was decided in the supplemental claim lane. 

In the April 2019 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement), the Veteran timely appealed the portion of the rating decision pertaining to the issue above and requested a hearing before the Board and an opportunity to submit evidence at the hearing and within 90 days following the hearing. 38 C.F.R. § 20.202. In January 2021, the Veteran testified at a hearing before a Veterans Law Judge. A transcript of that hearing is of record.

Evidence was added to the claims file during a period of time when new evidence was not allowed and the Board may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

 

TDIU

The Veteran asserts that he is unable to secure and follow a substantially gainful occupation as a result of his service-connected disabilities. 

VA will grant a total rating for compensation purposes based on unemployability when the evidence shows a veteran is precluded from obtaining or maintaining any gainful employment consistent with his education and occupational experience, by reason of his service-connected disabilities. 38 C.F.R. §§ 3.340, 3.341, 4.16. In reaching such a determination, the central inquiry is “whether the Veteran’s service-connected disabilities alone are of sufficient severity to produce unemployability.” Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). In arriving at a conclusion, consideration may be given to the veteran’s level of education, special training, and previous work experience, but not to his age or the impairment caused by nonservice-connected disabilities. See 38 C.F.R. §§ 3.341, 4.16, 4.19.

The United States Court of Appeals for Veterans Claims (Court) has held that the term “unable to secure and follow a substantially gainful occupation” in 38 C.F.R. § 4.16 has two components. First, there is an economic component which essentially contemplates an occupation earning more than marginal income (outside of a protected environment) as determined by the U.S. Department of Commerce as the poverty threshold for one person. Second, there is a non-economic component dealing with the individual veteran’s ability to “follow and secure” employment. For the second component, attention must be given to: (a) the veteran’s history, education, skill and training, (b) the veteran’s physical ability (both exertional and non-exertional) to perform the type of activities (e.g., sedentary, light, medium, heavy or very heavy) required by the occupation at issue, with relevant factors such as lifting, bending, sitting, standing, walking, climbing, grasping, typing, reaching, auditory and visual, and (c) whether the Veteran has the mental ability to perform the type of activities required by the occupation at issue, with relevant factors such as memory, concentration, and ability to adapt to change, handle work place stress, get along with coworkers and demonstrate reliability and productivity. Ray v. Wilkie, 31 Vet. App. 58, 73 (2019). As “sedentary” is defined as “[r]equiring or marked by much sitting <a sedentary desk job>” the Board finds that sedentary employment is a job where the worker primarily sits down. WEBSTER’S II NEW COLLEGE DICTIONARY 999 (1999).

If there is only one service-connected disability, it must be rated at least 60 percent disabling to qualify for TDIU benefits; if there are two or more such disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a).

The Veteran meets the threshold schedular disability percentage requirement for a TDIU consideration as a result of his service-connected posttraumatic stress disorder (PTSD) and polysubstance disorder and depressive disorder, degenerative arthritis of the lumbar spine and spinal stenosis, left knee degenerative joint disease, right knee degenerative joint disease, left lower extremity radiculopathy of the sciatic nerve, right lower extremity radiculopathy of the sciatic nerve, and right eyebrow laceration. 38 C.F.R. § 4.16(a). 

Military personnel records reflect the Veteran’s military occupation specialty (MOS)/rating was that of aircraft armament systems specialist. On his July 2013 and September 2013 application for unemployability he reported lower back and knee disabilities prevents him from following a substantially gainful occupation. On his October 2018 application, he reported lower back and depression prevents him from following a substantially gainful employment. The Veteran reported completing a high school education level and a year in college. He reported he last worked full-time in September 2005 and November 2005 as a bus operator. 

The Veteran presented for a VA Mental Health examination in August 2013 to assess the current severity of his service-connected depressive disorder, at which time he was interviewed by the examiner who also reviewed the pertinent medical history and performed an examination. The examiner reported the Veteran’s depressive disorder results in occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care, and conversation. During clinical interview the Veteran reported attending 1 year in college and then worked as a drilling rig hand, a line assemblyman, a warehouse man, track repair for railroads, mail handler, unloading trucks at the docks, bus driver, and a truck driver. He reported receiving SSA disability benefits beginning in April 2005 because he could not physically hold on to a job. He endorsed symptoms of depressed mood and anxiety. When asked to describe the functional impact the Veteran’s disability has on his ability to work the examiner noted that the Veteran described his physical problems and not his mental health issues as being the limiting factors in his ability to work.

The Veteran presented for a VA examination in August 2013 to assess the current severity of his service-connected lumbar spine, at which time he was interviewed by the examiner who also reviewed the pertinent medical history and performed an examination. The Veteran reported increased lower lumbar pain with bending, lifting, prolonged standing, and walking over a block. He reported pain and paresthesia radiating to the left buttock, thigh, calf, and foot. The Veteran was receiving SSA disability benefits since 2006 for multiple issues and does not currently work. When asked to describe the functional impact the Veteran’s disability has on his ability to work the examiner reported that the Veteran is unable to engage in manual labor but is able to engage in sedentary sitting employment. 

The Veteran presented for a VA examination in August 2013 to assess the current severity of his service-connected bilateral knee, at which time he was interviewed by the examiner who also reviewed the pertinent medical history and performed an examination. The Veteran reported pain with walking over a block and with prolonged standing. He wears bilateral knee braces. When asked to describe the functional impact the Veteran’s disability has on his ability to work the examiner reported being unable to engage in manual labor but is able to engage in sedentary sitting employment. 

The Veteran presented for a VA PTSD examination in July 2015 to assess the current severity of his service-connected PTSD, at which time he was interviewed by the examiner who also reviewed the pertinent medical history and performed an examination. The examiner reported the Veteran’s PTSD results in occupational and social impairment with reduced reliability and productivity. During clinical interview the Veteran reported he was irritable during the session, irritable and moody with others, and reported that his life was not good. He was not employed and last worked at a taxicab company about 2 years prior. He endorsed such as depressed mood; anxiety; suspiciousness; chronic sleep impairment; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships; and difficulty in adapting to stressful circumstances, including work or a work like setting.

The Veteran presented for a VA examination in January 2019 to assess the current severity of his service-connected right and lower extremity radiculopathy, at which time he was interviewed by the examiner who also reviewed the pertinent medical history and performed an examination. The Veteran reported numbness and tingling to his left thigh on the posterior, lateral aspect with intermittent pain and occasional giving out of left leg. He reported that he has developed right lower extremity symptoms over the last year. The examiner reported that the Veteran moderate intermittent pain and paresthesias and/or dysesthesias of the bilateral lower extremity. The examiner noted that the Veteran has mild numbness of the bilateral lower extremity. The Veteran constantly uses a cane and regularly uses a walker. When asked to describe the functional impact the Veteran’s disability has on his ability to work the examiner reported that the Veteran has functional limitation with standing for long periods, walking for long periods, driving for long distances, and sitting at a desk for long periods. Due to pain, weakness, numbness, and paresthesias of both lower extremities, the examiner noted that the Veteran must frequently re-position and shift his weight, decreasing productivity and efficiency. The examiner further noted that the Veteran is unable to work at heights, such as on ladder or scaffolding, due to numbness and paresthesias, which negatively impact balance. 

The Veteran presented for a VA examination in February 2019 to assess the current severity of his/her service-connected lumbar spine, at which time he was interviewed by the examiner who also reviewed the pertinent medical history and performed an examination. The Veteran reported constant pain with current level rated at 6 out of 10. He described the pain as chronic aching with thumping pain in the low back. The examiner reported that the Veteran has severe flare ups about 2 to 3 times a week for about 1 to 2 hours, he described as bad pain so all I can do is sit down and try not to move. Regarding functional impairment, the Veteran reported being unable to stand long enough to wash dishes, general health is not good anymore, and not being able to shave anymore because of inability to stand straight or do any household work because it will cause flare ups. When asked to describe the functional impact the Veteran’s disability has on his ability to work the examiner reported that the Veteran is limited in bending, stooping, pushing, pulling, carrying, and lifting moderate objects. The examiner further reported that the Veteran has functional limitation with standing, walking long periods as well as driving long distances and/or sitting at desk long periods due to pain, numbness and paresthesias of both lower extremities all of which cause the Veteran to frequently re-position and shift his weight, decreasing productivity, and efficiency. In a separate individual unemployability statement, the examiner opined that it is at least as likely as not that related to the Veteran’s back disability the Veteran is able to perform sedentary work in a normal 8-hour workday. 

The Veteran presented for a VA PTSD examination in February 2019 to assess the current severity of his service-connected PTSD, at which time he was interviewed by the examiner who also reviewed the pertinent medical history and performed an examination. The examiner reported the Veteran’s PTSD results in occupational and social impairment with reduced reliability and productivity. During clinical interview the Veteran reported he last worked in 2004. He endorsed symptoms such as depressed mood; anxiety; suspiciousness; chronic sleep impairment; disturbances of motivation and mood; and difficulty in establishing and maintaining effective work and social relationships. When asked to describe the functional impact the Veteran’s disability has on his ability to work the examiner reported that the Veteran would have difficulty attending to or easily distracted from the task at hand. 

Treatment records are not in significant conflict with findings during VA examination. For example, SSA medical records indicate the Veteran was found to be disabled as of November 2005 due to his primary diagnosis of disorders of the back and secondary diagnosis of affective/mood disorders. In a subsequent SSA record in October 2013, it was noted that the Veteran was disabled as of November 2005 and received multiple extended periods of eligibility determinations primarily due to affective disorders. 

In an August 2013 VA treatment record, it was noted that the Veteran was currently incapable of pursuing substantially gainful employment due to his health. In a January 2018 VA treatment note, the Veteran reported having problems with relationships, has agitation and irritability on a regular basis, and was unable to work. In a January 2019 VA treatment note, the Veteran reported not currently working due to spine issues. 

Upon review, the Board finds the evidence at least in relative equipoise as to whether the Veteran’s service-connected disabilities render him unemployable under VA regulations. Given the Veteran’s high school education and work history primarily labor and physical context, symptoms reported by the Veteran, and the level of functional impairment as reported by VA examiners and treatment providers the Board does consider this level of impairment as one that would preclude employment. In that regard, during an August 2013 VA examination for lumbar spine and bilateral knees, the examiner noted that the Veteran could not perform manual labor but could perform sedentary sitting employment. As the Veteran’s work history was primarily in physical labor and the evidence shows that he is unable to perform such jobs, the Board looks to whether the Veteran is able to perform jobs that are not labor intensive. 

As noted during the January 2019 VA examination for radiculopathy, it was noted that the Veteran has functional limitation in employment that involved standing, walking, and sitting for long periods, and driving for long distances. The Board acknowledges the opinion noted in August 2013 and February 2019 indicating that the Veteran could perform sedentary employment. However, these medical opinions do not address the functional limitation afforded to the peripheral nerves which indicates that the Veteran would be unable or would have immense difficulty in performing jobs sitting down for extended periods, such as an office desk jobs. 

Furthermore, the Veteran has asserted that he dislikes being around people and does not care or have friends. See January 2021 Hearing Tr. at 8. This is supported by the medical record, such as the July 2015 VA PTSD examination where the Veteran’s symptoms include difficulty in establishing and maintaining effective work and social relationships, and difficulty in adapting to stressful circumstances, including work or a work like setting. See also February 2019 VA Examination Report. The Boards also gives great probative weight to the SSA medical records which found that the Veteran has been disabled since 2005 and has not been employed due to his lumbar spine and psychiatric disability. Based on the foregoing, the Board finds that the Veteran would have difficulty in maintaining employment that involves manual labor or sedentary as a result of his service-connected disabilities. 

Resolving the benefit of the doubt in the Veteran’s favor, the Board finds the evidence to be at least in relative equipoise as to whether the Veteran’s service-connected disabilities render him unable to secure and maintain substantially gainful employment. Entitlement to TDIU is granted. 

 

 

M. C. WILSON

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Mathew

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.